BY; ROSCOE BROWN
S.C.I. ALBION
10745 ROUTE 18
ALBION, PA. 16475

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ROSCOE BROWN (PLAINTIFF)  CIVIL NO; 1:18-CV-193

V  JURY TRIAL DEMANDED

CORRECTIONAL OFFICER SMITH, (DEFENDANTS)
CORRECTIONAL OFFICER SEEINGER,
CORRECTIONAL OFFICER D ' HAPPART,
LIEUTENANT FAIT,
MICHELLE THARP, (GRIEVANCE COORIDNATOOR)
DORINA VARNER,-(CHIEF GRIEVANCE OFFICER)
KERRI MOORE, (OFFICE OF GREIVANCES)
JOHN WETZEL, (SECRETARY OF CORRECTIONS)
DR. JOSE BOGGIO,
DANIEL STROUP, (PHYSCIANS ASSISTANT)
MICHEAL EDWARDS, (NURSING SUPERVISOR)
MICHEAL CLARK (SUPERINTENDANT)

RECEIVED

JUL -5 2018

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## COMPLAINT- CIVIL ACTION

### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against Correctional officers Smith, Seeinger, D' Happart, Lieutenant Fait, Superintendent Michael Clark, Grievance coordinator Michelle Tharp, Dorina Varner,( Chief grievance officer) Kerry Moore,(office of grievances) Dr. Jose Boggio, Daniel Stroup, (physician's assistant) Michael Edwards,( nursing supervisor)John Wetzel, (secretary of corrections). For committing acts under the color of law which deprived plaintiff of rights secured him under the Constitution and the laws of The United States, and for refusing or neglecting to prevent such deprivations and denials to plaintiff. Plaintiff alleges that the defendants listed above failed to act to prevent an assault on plaintiff and Inmate Anthony Wilson. Plaintiff further alleges that defendants Boggio and P.A. Stroup were deliberately indifferent to plaintiff's serious medical needs. Plaintiff also further alleges that Superintendent Clark, Michelle Tharp, John Wetzel, Dorina Varner, Kerri Moore, Michael Edwards failed to investigate or discipline plaintiffs' claims, plaintiff further alleges these defendants failed to instruct, control, and or discipline Officers Smith, Seeinger, D' Happart, and Lt. Fait, on a

1.

Continuing basis, and said failure was a result of corrections employees and policy makers of Pennsylvania department of corrections were deliberately indifferent to the rights of individuals who would be housed and under their jurisdiction of The Pennsylvania Department of corrections, and that said conduct caused the deprivations of plaintiffs rights secured him under the Constitution, the laws of the united states, and the laws of the Commonwealth of Pennsylvania.

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the 8th and 14th amendment to The United States Constitution. The Court has jurisdiction over this action pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1331 and 1343 and its relevant subsections. Plaintiff futher invokes the supplemental Jurisdiction of this court to decide and hear claims arising under State law.

## PARTIES

3. Plaintiff Roscoe Brown is an adult individual with a residence at 10745v route 18 Albion Pa. 16475.

4. At all times referred to herein , defendant Correctional officer Smith was and continues to be a member ,agent, servant, workman/ employee of the Pennsylvania Department of Corrections he has an acceptable and proper place of service at 10745 Route 18, Albion, Pa. 16475.

5. At all times referred to herein Defendant Correctional officer Seeinger was and continues to be a member, agent, servant, Workman/ employee of Pennsylvania Department of corrections and has an acceptable and proper place for service at S.C.I. Albion, 10745 Route 18 Albion,Pa. 16475.

6. At all times referred to herein defendant Correctional officer D'Happart was and continues to be a member, agent servant workman/ employee of Pennsylvania department of corrections, he has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18 Albion, PA, 16475.

7. At all times referred to herein defendant Lt. Fait was and continues to be a member, agent, servant, workman/employee of Pennsylvania department of corrections, he has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18, Albion, PA 16475.

8. At all times referred to herein Defendant Superintendent Clark was and continues to be a member, agent, servant, workman/employee of Pennsylvania department of corrections, he has an acceptable and proper place of service at S.C.I. Albion 10745 route 18 Albion, pa 16475.

9. At all times referred to herein defendant Michelle Tharp was and continues to be a member, agent, servant workman/employee of Pennsylvania department of corrections, she has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18 Albion, PA, 16475.

10. At all times referred to herein defendant DR. Jose Boggio was and continues to be a member, agent, servant, workman /employee of Pennsylvania department of corrections, he has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18 Albion, Pa, 16475.

11. At all times referred to herein defendant Physician Assistant Stroup was and continues to be a member,agent,servant,workman/employee of Pennsylvania department of corrections he has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18 Albion,Pa. 16475.

12. At all times referred to herein defendant Mike Edwards was and continues to be a member, agent, servant, workman/employee of Pennsylvania department of corrections he has an acceptable and proper place of service at S.C.I. Albion 10745 Route 18 Albion, PA. 16475.

13. At all times referred to herein defendant John Wetzel was and continues to be a member, agent, servant, workman/employee of Pennsylvania department of corrections and he has an acceptable and proper place of service at 1920 Technology parkway Mechanicsburg, Pa. 17050.

14. At all times referred to herein defendant Dorina Varner was and continues to be a member, agent, servant, workman/employee of Pennsylvania department of corrections she has an acceptable and proper place of service at 1920 Technology Parkway Mechanicsburg ,Pa, 17050.

15. At all times referred to herein defendant Kerri Moore was and continues to be a member, agent, servant workman/ employee of Pennsylvania department of corrections and she has an acceptable and proper place of service at 1920 technology parkway Mechanicsburg, pa. 17050.

16. Plaintiff sues Officer Smith in his individual and official capacity.

17. Plaintiff sues Officer Seeinger in his individual and official capacity.

18. Plaintiff sues Officer D'Happart in his individual and official capacity.

19. Plaintiff sues Lt. Fait in his individual and official capacity.

20. Plaintiff sues Superintendent Clark in his Individual and official capacity.

21. Plaintiff sues Michelle Tharp in her individual and official capacity.

22. Plaintiff sues Dorina Varner in her individual and official capacity.

23. Plaintiff sues Kerri Moore in her individual and official capacity.

24. Plaintiff sues John Wetzel in his individual and official capacity.

25. Plaintiff sues Dr. Boggio in his individual and official capacity.

26. Plaintiff sues P.A. Stroup in his individual and officla capacity.

27. Plaintiff sues Mike Edwards in his individual and official capacity.

## FACTS COMMON TO ALL COUNTS

28. At all times referred to herein, defendants Officer smith, officer Seeinger, officer D'Happart, Lt.Fait, Superintendent Clark, Michelle Tharp, Dorina Varner, Kerri Moore, John Wetzel, Jose Boggio, Daniel Stroup, Mike Edwards, acted under color of law, statues,ordinaces,regulations, policies,customs usages of the Pennsylvania department of corrections and Correct care solutions.

29. At Approximately 3;30 P.M. on September 1,2016 Plaintiff Roscoe Brown and another prisoner were severally assaulted by four other prisoners, the attack was initiated against Prisoner Anthony Wilson when prion guards failed to intervene Roscoe Brown attempted to convince the Assailants to cease the attack ,at which time the prisoners reacted by attacking Mr. Brown , the four assailants took Mr. brown to the ground by punching, kicking and stomping him and Mr. Wilson until Mr. Wilson lay close to death (he later died from these injuries) and Roscoe Brown lay unconscious in pools of blood.

30. During the above described incident which lasted five to six minutes four prison Guards stood by watching as two defenseless prisoners were beaten, stomped, and kicked left lying In pools of blood. Without attempting to intervene, According to eyewitness reports (see exhibit attached hereto # A ) Correctional officer Smith suggested to the other guards "let em kill each other, fuck em".

31. Upon LT. Fait responding to the assault on the unit Lt. Fait directed his subordinates to handcuff the victims of this assault while they lay unconscious on the floor, severally beaten bleeding, Mr. Wilson lay close to death and Mr. Brown lay Unconscious in pools of blood.LT> Fait did not direct his subordinates to handcuff the assailants. Eye Witness aver that when nurse Jane Doe insisted the guards to remove the handcuffs, LT. Fait refused But after several minutes complied with the nurse. Mr. Wilson and Mr. Brown were left lying on the floor untreated for about 17 minutes before being taken to the prisons medical department.

32. The aforesaid assault, battery, and refusal to protect, act to stop the deprivations on plaintiff was carried out unlawfully, negligently, maliciously, and or/ intentionally.

33. As a direct and proximate result of the failure, refusal to protect, act , negligent,intentional, unlawful,reckless and malicious acts described above committed by defendants Correctional Officers Smith, Seeinger, D'Happart and LT. Fait under the color of law as correctional officers for the Pennsylvania Department of Corrections, and while in the course and scope of their employment and pursuant to their authority vested them by Pennsylvania Department of corrections and the commonwealth of Pennsylvania, caused plaintiff to sustain serious and /or permanent injuries to his head,neck,back pain, plaintiff further suffers from nightmares and loss of memory, plaintiff suffered a concussion large hematoma, fractured bones and various lacerations throughout his body.

34. As a further result of the incident aforementioned plaintiff has suffered injuries to his head, neck, back, and plaintiff suffers from nightmares ,loss of memory, aches ,pains, mental anguish, and humiliation, inconveniences and loss of lifes pleasures, and he may continue to do so for an indefinite time into the future.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. Plaintiff filed a grievance which was denied.

36. Plaintiff filed a appeal to his grievance denial and it was denied,and deemed frivolous.

37. Finally plaintiff appealed to central office which denied to hear plaintiffs appeal defendant Kerri Moore denied plaintiff due process for his efforts to exhaust his administrative remedies by rejecting his final appeal without review because the prison librarian provided a copy of a single page that was allegedly too light to read; despite the other prison staff having provided official responses to the same grievance.

38. Plaintiff further avers that defendants John Wetzel, Mike Edwards, Dorina varner, Kerri Moore, Michelle Tharp, Superintendent Clark all failed to grant plaintiff relief through Administrative remedies by creating and penalizing Plaintiff for filing a grievance to seek relief, for many years the Pennsylvania department of corrections has been conspiring to undermine grievances filed by prisoners statewide, according to D.O.C. own statistics 98% of all grievances filed by prisoners are ruled against the prisoners denying relief, John Wetzel recently was found to have created a secret helpful hints manual that teaches staff at all doc facilities how to respond to grievances in a way that undermines claims by prisoners, to avoid the specific issue raised and ultimately conspire and obstruct litigation.

39. By and through this policy , custom, practice, regulation, and usages of this failure to grant plaintiff Mr. Brown a fair and impartial administrative process the defendants denied plaintiff due process willfully and intentionally.

40. Defendants Dr. Jose Boggio and P.A. Daniel Stroup failed and neglected to provide plaintiff adequate medical care by refusing to exam plaintiff for his injuries as a result of the assault and battery, as relief plaintiff was given Tylenol and was told by these defendants to buy more from commissary, despite plaintiff complaining and voicing his concerns they refused to treat him further.

41. As a further result of this failure Plaintiff Mr. Brown still suffers from headaches, back pain, neck pain, and loss of memory. Mental anguish, and loss of life's pleasures.

### COUNT ONE -STATE CAUSE OF ACTION-FAILURE TO ACT/PROTECT/INTERVENE AGAINST CORRECTIONAL OFFICERS SMITH, SEEINGER, D'HAPPART, AND LIEUTENANT FAIT INDIVIDUALLY

42. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs one through forty one of this complaint, as fully set forth herein.

43. At the time and date aforementioned Correctional Officers Smith, Seeinger, D'Happart, and Lt. Fait failed protect/intervene while plaintiff was being assaulted and battered by four inmates, these Officers stood by and watched as the assault happened without stopping the incident. These Officers stood there and One Correctional Officer Smith stated to the other officers present "let em kill each other Fuck em"at which time these other officers nodded in agreement. The aforesaid failure to protect/act/intervene by the defendants was intentional, unnecessary, unlawful, outrageous and constituted a deprivation of plaintiffs rights secured him under the constitutions.

44. At no time did plaintiff offer or commit any violence upon any staff or inmate in this incident.

45. As a direct and proximate result of the aforesaid unlawful and malicious physical assault by prisoners and the failure to stop such deprivations by defendants authority as Correctional officer's under the color of law and each defendants authority vested in them to provide security for prisoners in a safe and secure facility for the Pennsylvania department of Corrections, plaintiff suffered harm and was deprived of his rights under the 8th and 14th amendments to the United States Constitution.

46. The acts of Officers Smith, Seeinger, D'Happart, and Lt.Fait as aforementioned were deliberate, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities, plus the costs of this action, attorney's fees and any other relief as the court deems fair and appropriate under the circumstances.

### COUNT TWO- STATE CAUSE OF ACTION ASSUALT AND BATTERY AGAINST OFFICERS SMITH,SEEINGER, D'HAPPART, AND LT. FAIT INDIVIDUALLY

47. By this reference plaintiff incorporates each and every allegation and averment set forth in paragraphs one through forty six of this complaint as though fully set forth herein.

48. Officers Smith, Seeinger, D'Happart, and Lt.Fait failed to act/protect plaintiff from an assault and battery by four prisoners, these officers stood by watched and failed to intervene.

49. As a direct and proximate result of this failure to act/protect form assault and battery plaintiff suffered damages as aforementioned throughout this complaint.

Wherefore plaintiff respectfully requests judgement against Officers Smith, Seeinger, D'Happart, and Lt.Fait for compensatory and punitive damages plus costs of this action attorney's fees ,and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT THREE- 42 U.S.C. SECTION 1983 AGAINST SUPERINTENDANT CLARK, MICHELLE THARP,DORINA VARNER,KERRI MOORE,MIKE EDWARDS,JOHN WETZEL FAILURE TO TRAIN,INVESTIGATE,AND/OR DISCIPLINE

50. By this reference,plaintiff incorporates each and every allegation and averment set forth in paragraphs one through forty nine of this complaint as fully set forth herein.

51. Prior to September 1,2016 Superintendant Clark, michelle Tharp, Dorina Varner,Kerri Moore, John Wetzel, and Mike Edwards developed and maintained policies, customs, practices which denied prisoners due process by creating a "helpful hints" manual that teaches staff at all DOC facilities how to respond to grievances in a way that undermines claims made by prisoners, to avoid the specific issues raised and to ultimately obstruct litigation this failure to investigate constitutes an act of omission, this developed and maintained policy, custom, practice exhibits deliberate indifference to the Constitutional rights of prisoners under there care ,custody, control which caused the violation of plaintiffs civil rights.

52. It was the policy,custom of Pennsylvania to inadequately and improperly investigate acts of misconduct by its officers and staff, including all defendants actions,these acts were tolerated, and known by Pennsylvania department of corrections ,and supervisor/staff members including the incidents involving named plaintiff in this matter.

53. It is further alleged by plaintiff that these defendants believed their actions would not be properly monitored by supervisors officers/staff and that said misconduct would not be investigated or sanctioned but would be tolerated.

54. As a result of the aboved described policies,customs,practices officers and staff of the Pennsylvania department of corrections demonstrated a deliberate indifference on the part of policy makers of the DOC and supervisors and grievance staff and central office employees were deliberately indifferent to the constitutional rights of persons within the Pennsylvania department of corrections and were the cause of violations of plaintiffs rights alleged herein.

55. The acts and failure to act of all defendants were committed under the color of law as they allowed, by policies, regulations, customs, practices, and usages of the Pennsylvania department of corrections.

56. As a result as set forth above plaintiff was deprived of his rights, privileges and immunities guaranteed him as a citizen of the United States, in violation of 42 U.S.C. section 1983 and 1988. and plaintiff was deprived of his rights guaranteed him by the 8th and 14th amendments to The Constitution of the United States.

57. Plaintiff re-alleges the damages as previously set forth herein above.

Wherefore plaintiff Demands judgement in his favor against all defendants, plus compensatory damages, plus costs of this action, attorney's fees and such other relief as the court deems fair and appropriate under the circumstances.

## **COUNT FOUR - DELIBERATE INDIFFERENCE OF PLAINTIFFS MEDICAL NEEDS**

58. The acts and failure to provide plaintiff with adequate medical care that was reasonable were a deprivation and violation of plaintiff rights secured him under the 8th amendment to the Constitution of the united States.

59. Plaintiff alleges Dr.Jose Boggio and PA. Daniel Stroup denied him adequate medical care by their failure to treat plaintiff for injuries he sustained in the assault and battery aforementioned, plaintiff suffered a concussion, a large hematoma on his head, fractured bones, and various lacerations throughout his body, as relief Dr.Boggio and PA. Stroup gave plaintiff Tylenol and was told when it ran out buy more from commissary, despite plaintiff voicing his concerns for his medical needs, plaintiff continues to suffer from back and neck pain, loss of memory and mental anguish, and loss of lifes pleasures.

60. As a result as fully set forth above plaintiff was deprived of his rights, privileges and immunities guaranteed him as a citizen of the United States in violation of 42 U.S.C. section 1983 and 1988 and was deprived of his rights Guaranteed by the 8th amendment to the United States Constitution.

61. Plaintiff re-alleges the damages as previously set forth hereinabove.

Wherefore, plaintiff demands judgement in his favor against all defendants plus costs of this action, punitive and compensatory damages, attorney's fees, and such other relief the court deems fair and appropriate under the circumstances.

8.

**COUNT FIVE-STATE CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS OFFICER,SMITH,OFFICER SEEINGER,OFFICER D'HAPPART,LT.FAIT,MICHELLE THARP,DORINA VARNER, KERRI MOORE, JOHN WETZEL, DR.JOSE BOGGIO, PA.DANIEL STROUP, MICHEAL EDWARDS, MICHEAL CLARK**

62.By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs one through sixty one of this complaint fully set forth herein.

63. The unlawful actions and conduct of defendants C.O.'S Smith, Seeinger, D'Happart, Lt.Fait, michelle Tharp,Dorina Varner, Kerri Moore, John Wetzel, Jose Boggio,Daniel stroup, Micheal Edwards, Micheal Clark were intentional and/or reckless, constituting extreme and outrageous conduct which caused plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

64. Plaintiff re-alleges the damages as previously set forth.

WHEREFORE, plaintiff respectfully requests judgement against all defendants for compensatory and punitive damages,plus costs of this action,attorneys fees and other such relief as the court deems fair and appropriate under the circumstances.

date; 7/1/2018

Respectfully submitted,

Roscoe Brown #GK-6686

S.C.I. Albion

10745 Route 18

Albion, Pa.16475

9.

Dear clerk of courts,

Please find enclosed my civil action to be filed in the United States District court for the western district of Pennsylvania. Also enclosed is a list of all other documents enclosed.

1. 13 civil actions complaints one for clerk 12 for defendants
2. 12 usm forms
3. 12 notice to lawsuit and to request waiver of service of summons.
4. 12 waiver of service of summons
5. Motion for informa pauperis.
6. Exhibits "a" "b" "c" "d"
7. Authorization

X [signature]
Thank you respectfully yours,

Roscoe Brown #GK-6686

S.C.I. Albion

10745 Route 18

Albion, Pa. 16475

date; 7/1/2018