IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE BROWN, | ) |
| | ) |
| Plaintiff | ) Case No. 1:18-cv-00193 (Erie) |
| | ) |
| vs. | ) |
| | ) |
| | ) Richard A. Lanzillo |
| C.O. SMITH, et al., | ) United States Magistrate Judge |
| | ) |
| Defendants | ) OPINION AND ORDER ON DOC |
| | ) DEFENDANTS' MOTION TO DISMISS |
| | ) [ECF NO. 18] |
| | ) |

I.  Introduction

Plaintiff Roscoe Brown, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action against ten employees of the DOC (the "DOC Defendants")[1] and two members of the medical staff at SCI-Albion (the "Medical Defendants").[2] Plaintiff's pro se complaint asserts constitutional claims pursuant to 42 U.S.C. § 1983 and state law claims, all arising out of injuries he sustained during an attack upon him by other prison inmates. ECF No. 3. Presently pending before the Court is the DOC Defendants' motion to dismiss [ECF No. 18] certain of the claims of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3] The DOC Defendants request dismissal of the § 1983 claim against

---

[1] The DOC Defendants are Correctional Officer Smith, Correctional Officer Seeinger, Correctional Officer D'Happart, Lieutenant Fiat, Grievance Coordinator Michelle Tharp, Chief Grievance Officer Corina Varner, Grievance Officer Kerri Moore, Nursing Supervisor Michael Edwards, Superintendent Michael Clark and Secretary John Wetzel.

[2] The Medical Defendants are Dr. Jose Boggio and Daniel Stroup, P.A.

[3] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c). See ECF Nos 13, 14.

1

Defendants Smith, Seeinger, D'Happart and Fait (the "DOC-CO Defendants"), who were present during or immediately following the assault upon Plaintiff, on the grounds that Plaintiff's allegations are insufficient to state a constitutional claim, and dismissal of Plaintiff's state tort claim of assault and battery against the DOC-CO Defendants based upon sovereign immunity. The DOC Defendants also seek dismissal of Plaintiff's § 1983 claim against Defendants Wetzel, Edwards, Varner, Moore, Tharp and Clark (the "DOC-Administrative Defendants") based upon their lack of personal involvement in the alleged constitutional violation against Plaintiff. Finally, the motion seeks dismissal of all claims against the DOC Defendants in their official capacities based upon sovereign immunity. For the reasons discussed below, the DOC Defendants' motion will be granted in part and denied in part.

II. Standard of Review

   A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light

most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

    B.    Pro Se Parties

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

III.    Material Facts Alleged in Plaintiff's Complaint

On September 1, 2016, at approximately 3:30 p.m., four prisoners at SCI-Albion physically attacked another inmate, Anthony Wilson. ECF No. 3 ¶ 29. When the prison guards who were present failed to intervene, Plaintiff attempted to convince the four assailants to stop the attack. The four assailants reacted to Plaintiff's entreaties by physically attacking him. According to the complaint, the attack was savage and included the assailants' "punching, kicking and stomping" upon Plaintiff and Wilson. *Id.* The attack lasted between five and six minutes, during

3

which time, four prison guards allegedly "stood by watching" without attempting to intervene. *Id.* at ¶ 30. Defendant Smith, one of the onlooking prison guards, is alleged to have stated during the attack, "let em kill each other, fuck em." *Id.* Plaintiff and Wilson were beaten unconscious during the attack. Defendant Fait, who responded to the fight, ordered that Plaintiff and Wilson be handcuffed while they lay unconscious on the floor in pools of blood. *Id.* at ¶ 31. A prison nurse ("Jane Doe") insisted that Plaintiff and Wilson not be handcuffed. *Id.* Lt. Fait initially refused to abide by this instruction but later directed guards to remove the handcuffs. *Id.* Lt. Fait did not direct that the four attackers be placed in handcuffs. Plaintiff and Wilson were left untreated on the ground for a total of 17 minutes. *Id.* Wilson later died from injuries sustained in the attack. Plaintiff suffered serious or permanent injuries during the attack, including a concussion, large hematoma, bone fractures, various lacerations over his body and other head, neck and back injuries. *Id.* at ¶ 33.

In Count One of his five-count complaint, Plaintiff asserts a claim against the DOC-CO Defendants, in their individual capacities, based upon their failure to "act/protect/intervene" in response to the assault upon him in violation of his rights under the Eighth and Fourteenth Amendments. *Id.* at ¶ 42-46. In Count Two, Plaintiff asserts a state law assault and battery claim against the DOC-CO Defendants, in their individual capacities. *Id.* at ¶ 47-49. In Count Three, Plaintiff asserts a claim pursuant to 42 U.S.C. §1983 against the DOC-Administrative Defendants for failure to "train/investigate/discipline" their subordinates. *Id.* at ¶ 50-57.[4]

---

[4] Count Four alleges a claim of deliberate indifference to Plaintiff's serious medical needs against the Medical Defendants only. Count Five is a state law claim against all defendants for intentional infliction of emotional distress, and is not included within the scope of the DOC-Defendants' motion to dismiss.

4

In their motion to dismiss, the DOC Defendants argue that (1) Count One of the complaint against the CO Defendants should be dismissed because it fails to state a viable constitutional claim, and (2) Count Two against the CO Defendants should be dismissed because these defendants are immune from state law tort claims of assault and battery. The Administrative Defendants argue that Count Three should be dismissed because Plaintiff has not alleged that they were personally involved in the wrongs which led to his injuries. ECF No. 18, p. 6-8. All DOC Defendants argue that the claims against them in their official capacity are barred by 11th Amendment Sovereign Immunity. ECF No. 18, p. 8-9.

IV. Analysis

   A. Count One of the complaint alleges facts sufficient to state an Eighth Amendment claim against the DOC-CO Defendants.

Plaintiff alleges that the DOC-CO Defendants violated his rights under the Eighth Amendment to the U.S. Constitution when they failed to intervene during the September 1, 2016 assault upon him. The DOC Defendants argue that the duty of prison guards to intervene in an inmate-on-inmate assault is limited and that they have no constitutional obligation to "take heroic measures and risk serious physical harm by intervening immediately in an inmate's assault on another inmate." ECF No. 19, p. 6 (citing *Holloman v. Neily*, 2000 WL 233462 (E.D. Pa. 2000)). The DOC Defendants further argue that, prior to Lt. Fait's arrival, the DOC-CO Defendants were outnumbered such that intervening would have subjected them to a risk of serious harm. ECF No. 19, p. 6.

A corrections officer's failure to intervene in an assault can be the basis of liability for an Eighth Amendment violation if the corrections officer had a reasonable opportunity to intervene and failed to do so. *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). In *Smith*, which

involved an officer-on-inmate attack, the Court of Appeals for the Third Circuit summarized the law from other Circuits as follows:

> Courts have held that a police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior. If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983. However, an officer is only liable if there is a realistic and reasonable opportunity to intervene.

*Id.* (internal citations omitted)

In *Bistrian v. Levi*, the Third Circuit extended the foregoing standard to inmate-on-inmate attacks, and noted:

> No doubt, there are some circumstances in which an officer's response to an inmate attack is so half-hearted that it effectively amounts to no response at all. If well-pled, such a claim can survive a motion to dismiss. But surely there are cases at the other end of the spectrum in which an inmate fails to allege that an officer's response was so unreasonable as to give rise to an entitlement to relief. [] The key is whether prison officials acted reasonably; if so, they cannot be found liable on a failure-to-protect claim.

696 F.3d 352, 371–72 (3d Cir. 2012).

In the present case, Plaintiff has alleged facts sufficient to state an Eighth Amendment claim against the DOC-CO Defendants based upon their failure to intervene in the assault. Plaintiff's allegations that at least three of the DOC-CO Defendants were present during the five to six minute assault support a plausible claim that the DOC-CO Defendants had a reasonable opportunity to intervene, particularly when viewed in light of the alleged statement by CO Defendant Smith to "let em kill each other…," which could be construed as evincing an intent not to intervene regardless of whether it was safe to do so. While the Constitution does not require guards to intervene in an inmate-on-inmate attack where doing so would subject them to a material threat of serious injury, the Court cannot hold, as a matter of law, that the DOC-CO

6

Defendants faced such a threat in this case or that they did not have a realistic and reasonable opportunity to intervene in the assault upon Plaintiff. Based upon the facts alleged in Plaintiff's complaint, and drawing all reasonable inferences in favor of Plaintiff, the motion to dismiss Count One of the complaint against the DOC-CO Defendants must be denied.[5]

B. Sovereign immunity bars Plaintiff's state law claim for assault and battery.

In Count Two of his complaint, Plaintiff asserts a claim against the DOC-CO Defendants, in their individual capacities, for assault and battery. The DOC-CO Defendants contend that sovereign immunity bars such claims.

Under Pennsylvania law, the Commonwealth, its agencies and employees enjoy broad immunity from most state-law tort claims: "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. § 2310; *see also Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988) ("In other words, if the Commonwealth is entitled to sovereign immunity under Act 152, then its officials and employees acting within the scope of their duties are likewise immune"). This grant of immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" *Larsen v. State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008). Conduct of an employee is within the scope of employment if "'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and

---

[5] The DOC Defendants state that Defendant Fait did not arrive at the scene of the assault until after it was over which, if accurate, may negate any opportunity on his part to intervene in the assault. However, the Court cannot make such a determination of fact on the record presently before the Court. Defendant Fait is also alleged to have required Plaintiff to be handcuffed while he lay unconscious on the floor following the attack. Whether such alleged conduct is actionable is not presently before the Court and the Court takes no position on the issue at this time.

7

space limits...."' *Brautigan v. Fraley*, 684 F.Supp.2d 589, 593-94 (M.D. Pa. 2010); *see also Faust v. Dep't of Revenue*, 592 A.2d 835 (Pa. 1991) (holding that a Commonwealth employee was protected under sovereign immunity from liability from intentional acts which caused emotional distress when he was acting within the scope of his duties). Thus, so long as the agent or employee is acting within the scope of his employment, and none of the nine recognized statutory exceptions apply, sovereign immunity will bar any state law claims against the CO Defendants.

Here, Plaintiff specifically states that the CO Defendants acted within the course and scope of their employment. *See* ECF No. 3 at ¶ 33. The facts and circumstance alleged in the complaint further support this conclusion.

The next issue is whether the Commonwealth has waived sovereign immunity for the assault and battery claims. In 42 Pa. Cons. Stat. § 8522(b), the General Assembly defined nine separate, narrow exceptions to the broad grant of sovereign immunity. These exceptions include: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Lockwood v. City of Pittsburgh*, 561 Pa. 515, 751 A.2d 1136, 1139 (Pa. 2000) (citation omitted).

None of these exceptions applies to Plaintiff's claim of assault and battery against DOC-CO Defendants. Accordingly, sovereign immunity bars this claim. *See Zanetti v. Goss*, 2016 WL 6583727, at *2 (W.D. Pa. Nov. 4, 2016) (holding that sovereign immunity

8

bars a state law claim of assault and battery against DOC defendants). The DOC Defendants' motion to dismiss is granted as to Count Two of the complaint, and this claim is dismissed with prejudice as any attempt to amend would be futile.

C. Count Three fails to state a claim against the DOC-Administrative Defendants.

In Count Three, Plaintiff asserts a claim against the DOC-Administrative Defendants pursuant to 42 U.S.C. §1983 for failure to "train/investigate/discipline" their subordinates. The DOC-Administrative Defendants argue that Count Three should be dismissed because Plaintiff has not alleged that they were personally involved in the wrongs which led to his injuries.

It is axiomatic that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. *See Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. 2013). Accordingly, each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 F. App'x 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

i. Defendants Tharp, Edwards, Varner, Moore, and Clark

Plaintiff argues that these DOC Defendants were personally involved by virtue of their role in the prison grievance process. *See* ECF No. 27, p. 4 ("[These Defendants] were all responsible for answering Plaintiff's grievances, and giving him fair access to remedy this

9

serious incident which occurred."). Plaintiff further contends that his allegations that he made these Defendants aware of the harms against him via the grievance process, coupled with their failure to take appropriate remedial actions, are sufficient to establish their personal involvement.

Plaintiff is incorrect as a matter of law. It is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013); *see also Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Here, Plaintiff has not alleged facts to support an inference that these Defendants were aware of or acquiesced in the incident.

Plaintiff also points to a document entitled "Helpful Hints," which he alleges the DOC-Administrative Defendants use to provide guidance on how grievance personnel can undercut valid inmate grievances. This document is similarly insufficient to support a viable claim. *See, e.g., Beale v. Wetzel*, 2015 WL 2449622, at *5 (W.D. Pa. May 21, 2015) (dismissing claims against senior prison officials because the only allegations against them arose in the context of their participation in an administrative appeal process); *Mearin*, 951 F.Supp. 2d at 782 (same). Plaintiff's dissatisfaction with these Defendants' handling of his grievances relating to the incident fails as a matter of law to support a claim against them. *See Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). Accordingly, Count Three is dismissed with prejudice to the extent that it is directed at Defendants Tharp, Edwards, Varner, Moore, and Clark.

ii.     Defendant Wetzel

Plaintiff argues that Defendant Wetzel was the "moving force" behind the wrongs that he endured. Defendant Wetzel responds that the complaint includes insufficient allegations to support a finding that he was personally involved in the assault or events leading to the assault. Where the defendant is a supervisory prison official, liability must still be based on "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Nor can Section 1983 liability be predicated solely on the theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that § 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Turning to the allegations of the complaint in this case, the Court finds that Plaintiff has asserted only a mere hypothesis that Defendant Wetzel was personally involved in actionable conduct without facts sufficient to support such a conclusion. Although Plaintiff alleges that Defendant Wetzel was the "moving force" behind the harms, this legal conclusion, unsupported by factual allegations, is insufficient to support a viable claim of supervisory liability. *See*

11

*Evancho v. Fisher*, 423 F.3d at 354 (allegations of personal liability directed at Attorney General were insufficient where plaintiff did not specifically allege that the A.G. ordered the acts of his "underlings," or had acquiesced to those acts with contemporaneous knowledge of them; instead, they constituted "mere hypothesis" of personal involvement). Because Plaintiff has failed to allege facts to support the personal involvement of Defendant Wetzel, Count Three also must be dismissed as to him.

D. All claims against Defendants in their Official Capacities

All DOC Defendants argue that the claims against them in their official capacities are barred by sovereign immunity. Plaintiff's Response concedes that "some claims" may be barred, but, nevertheless, he generally maintains that his claims should be allowed to survive. *See* ECF No. 27, p. 7. *Id.*

The Eleventh Amendment to the United States Constitution proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). The DOC and the agents and employees thereof are entitled to Eleventh Amendment immunity unless an exception to such immunity applies. *See Steele v. Pennsylvania*, 2009 WL 614800, at *8 (W.D. Pa March 6, 2009); *see also O'Donnell v. Department of Corrections*, 790 F.Supp.2d 289, 305 (M.D. Pa. 2011) (The agency's immunity extends to individual defendants sued in their "official" capacities.). Accordingly, Eleventh Amendment sovereign immunity applies and shields the DOC Defendants, as Commonwealth employees, from suit in their official capacity, so long as no exception applies.

Eleventh Amendment sovereign immunity is subject to three basic exceptions. Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power

12

under the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to suit; or (3) under *Ex parte Young*, 209 U.S. 123 (1908), a state official may be sued in his or her official capacity for prospective injunctive relief. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002); *Hindes v. FDIC*, 137 F.3d 148, 165-66 (3d Cir. 1998). With respect to the first exception, it is well-settled that Congress did not intend to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. Section 8521 of Title 42 of the Pennsylvania Consolidated Statutes clearly states, "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the Constitution of the United States." 42 Pa. Cons.Stat.Ann.§ 8521(6); *see also Lombardo v. Pennsylvania*, 540 F.3d 190, 196 n.3 (3d Cir.2008); Pa.Const.Art. I, .§ 11; 1 Pa.Cons.Stat.Ann. §2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). Because no exception to Eleventh Amendment immunity applies here, all claims against the DOC Defendants in their official capacities are dismissed with prejudice.

V.  Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons stated above, Plaintiff's state law claims of assault and battery against the DOC-CO Defendants are barred by the doctrine of sovereign immunity, and no amendment can

13

cure this flaw. Accordingly, amendment would be futile as to this claim. The same is true regarding Plaintiff's claims directed against all DOC Defendants in their official capacities. Accordingly, those claims are dismissed with prejudice. The Court also finds that amendment to state a supervisory liability claim against Defendants Tharp, Edwards, Varner, Moore, and Clark would be futile as their positions and roles are limited to the grievance process and claims of this nature fail as a matter of law.

The same holds true for Defendant Wetzel, to the extent he is sued for his role in the grievance process. However, to the extent that Plaintiff has attempted to assert a failure to train claim, amendment may not be futile. Accordingly, Plaintiff will be granted leave to file an amended complaint within twenty-one (21) days of this order, if he wishes to do so. Plaintiff is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)). In other words, his amended complaint will supersede (replace) his original complaint and cannot simply incorporate the prior document by reference. Plaintiff may also elect not to file an amended complaint, in which case the Wetzel will be dismissed from this action, with prejudice.

VI. Order

For the reasons stated above, Defendants' motion to dismiss (ECF No. 18) is GRANTED IN PART AND DENIED IN PART. Count Two of the complaint is dismissed with prejudice. Count Three is dismissed with prejudice as to Defendants Tharp, Edwards, Varner, Moore, and Clark. Count Three is dismissed without prejudice as to Defendant Wetzel. All claims against

the DOC Defendants in their official capacities are dismissed with prejudice. In all other respects, the motion is DENIED.

It is so ordered.

                                                         RICHARD A. LANZILLO
                                                         UNITED STATES MAGISTRATE JUDGE

Entered this 7th day of June, 2019.