IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| ROSCOE BROWN, | ) | |
| | ) | |
| Plaintiff | ) | 1:18-cv-00193-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| CORRECTIONAL OFFICER SMITH, | ) | |
| CORRECTIONAL OFFICER SEEINGER, | ) | |
| CORRECTIONAL OFFICER D'HAPPART, | ) | |
| LIEUTENANT FAIT, MICHELLE THARP, | ) | |
| DORINA VARNER, KERRI MOORE, | ) | |
| JOHN WETZEL, DR. JOSE BOGGIO, | ) | |
| DANIEL STROUP, MICHEAL EDWARDS, | ) | |
| and MICHEAL CLARK, | ) | |
| | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

I.      Introduction

Plaintiff Roscoe Brown (Brown) seeks to appeal the Court's order granting summary

judgment for all Defendants. The United States Court of Appeals for the Third Circuit has

concluded that Brown's Notice of Appeal was not timely filed. See ECF No. 102. Before

dismissing Brown's appeal, the Court of Appeals tasked this Court with deciding whether to

grant Brown's motion for an extension of time to file an appeal under Federal Rule of Appellate

Procedure 4(a)(5) or to reopen the time for Brown to file an appeal under Rule 4(a)(6). *Id.* This

Court cannot reopen Brown's time to appeal under Rule 4(a)(6), but because Brown timely filed

his motion for extension of time to appeal and demonstrated excusable neglect, the Court will

grant his motion to extend the time to appeal under Rule 4(a)(5).

1

II.     Background

This Court previously granted Defendants' two motions for summary judgment and entered judgment in favor of all Defendants on September 27, 2021. *See* ECF Nos. 94, 95. At that time, Brown was represented by volunteer counsel. Brown had thirty days from that date to file a notice of appeal, that is, until October 27, 2021. *See* Fed. R. App. P. 4(a)(1)(A). Brown signed his *pro se* notice of appeal while he was still represented by volunteer counsel on November 6, 2021. This occurred forty days after the judgment order and ten days after the expiration of time to file a notice of appeal. His *pro se* notice of appeal was filed in this Court on November 15, 2021, forty-nine days after the order entering judgment. Two days later, Brown's attorneys filed a motion to withdraw, explaining that their volunteer engagement did not extend to any appeals. ECF No. 97, 99. The Court granted their motion to withdraw two days later. ECF No. 100.

Also on November 19, 2021, the Clerk of the Court of Appeals sent Brown a letter explaining that his appeal had been submitted to a panel of the Court of Appeals for possible dismissal due to a jurisdictional defect. ECF No. 102. That letter informed Brown that while his notice of appeal was untimely, the District Court may permit an extension of time to file a notice of appeal under Fed. R. App. 4(a)(5) or it may reopen the time for filing a notice of appeal under Fed. R. App. 4(a)(6). The parties were given twenty-one days from the date of the letter to "submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction."

Brown did not delay in responding to this directive. Six days later, he filed a motion with the Court of Appeals for an extension of time to file his notice of appeal. He signed it on November 24, 2021 (fifty-eight days after the judgment order) which was docketed in the Court

2

of Appeals on December 6, 2021 (seventy days after that order). Brown argued that he had "good cause" under Fed. R. App. P. 4(a)(5).[1] *Id.*, p. 1. He explained that on September 30, 2021, he received the memorandum opinion that granted Defendants' motion for summary judgment, but he never received the judgment order that the opinion said would separately follow. He did later receive a docket sheet and his counsels' motion to withdraw as his attorneys. The Defendants responded that the appeal should be dismissed for lack of jurisdiction. Brown elaborated in his reply brief that he waited beyond the thirty-day time limit to appeal because he feared that if he appealed before he received the separate judgment order, his appeal would be invalid.[2] He disputed Defendants' assertion that he must have received the order granting summary judgment because his notice of appeal appeared to reference this Court's order. Brown asserts that he included this reference because he "copied his 'notice of appeal' from 'The Jailhouse Lawyers Handbook' 6th Edition, 2021, page 132" and "simply used the language as it is on the form." Brown adds that if his attorneys had the final judgment order, they could have appealed but did not. *Id.* Then, Brown's timely filed brief on jurisdiction reiterated that he never received a separate judgment order and that his attorneys never notified him if they had one. Thereafter, the Court of Appeals referred the case back to this Court.

III.     Discussion

A. Brown's Motion to Reopen the Time to appeal under Rule 4(a)(6)

A district court cannot reopen the time to appeal unless the party did not receive notice of the judgment order within twenty-one days after entry. *See* Fed. R. App. P. 4(a)(6)(A). The

---

[1] The Court also interprets this as an argument for "excusable neglect" because *pro se* briefs are afforded liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Brown appears unaware that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2).

Defendants argue that Brown received notice of the judgment order when it was served on his attorneys, regardless of when he personally received a physical copy. While Brown may have lacked actual notice, the Court need not resolve that factual dispute because the law imputes his attorneys' knowledge of the judgment order to him. Thus, Brown, had notice within the twenty-one-day period, and the Court cannot reopen the time to appeal under Rule 4(a)(6).

Rule 4(a)(6) provides:

> (6)    Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)    the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)    the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C)    the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). This provision "does not give a district judge carte blanche to allow untimely appeals to be filed." *Matter of Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994). *See also Bowles v. Russell*, 551 U.S. 205, 214 (2007) (when considering a motion to reopen time to appeal under Rule 4(a)(6), the Supreme Court prohibited equitable exceptions to jurisdictional time limits). All three requirements must be met.

District courts provide notice of an order through the Clerk of the Court, who must serve notice of an order "as provided in Rule 5(b), on each party..." Fed. R. Civ. P. 77(d). "If a party is represented by an attorney, service under this rule must be made on the attorney unless the

4

court orders service on the party." Fed. R. Civ. P. 5(b)(1). Here, the record shows that the judgment order was served on Brown's attorneys through the Court's electronic-filing system. Fed. R. Civ. P. 5(b)(2).[3] The Court has no indication that the judgment order did not reach Brown's attorneys. Other documents filed via the Court's ECF system had reached them.

Precedent compels the conclusion that Brown received the required notice when his attorneys received electronic notice of the judgment order. In *Irwin v. Dept. of Veterans Affairs*, the Supreme Court wrote, "[u]nder our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" 498 U.S. 89, 91 (1990) (quoting *Link v. Wabash R. Co.*), 370 U.S. 626, 634 (1962)). *See also New York v. Hill*, 528 U.S. 110 (2000). For this reason, Brown's motion to reopen the time to appeal under Rule 4(a)(6) is denied.

B. Brown's Motion for Extension of Time to Appeal Under Rule 4(a)(5)[4]

The Defendants argue that this Court cannot grant Brown's motion for extension of time to appeal because the motion itself, not just the notice of appeal, was untimely.[5] The Court must

---

[3] "A paper is served under this rule by: ... (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing–in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2).

[4] Given the Court's granting of Brown's motion under Rule 4(a)(5), it need not decide whether his attorneys displayed "extreme negligence" necessitating relief to Brown. *See Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986) (citing *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 978 (3d Cir.1978) (directing relief under Rule 60(b)). Similarly, the Court need not reach Brown's contention that "for all practical purposes he was acting pro se." *Mason v. Glebe*, 674 Fed. Appx. 631 (9th Cir. 2017) (quoting *Vaughan v. Ricketts*, 950 F.2d 1464, 1467 (9th Cir. 1991)).

[5] The Defendants argue that this Court could have ignored Brown's *pro se* notice of appeal because he was represented by counsel at the time. But the case they point to for support is inapplicable because it was a criminal case relying on one of the Court of Appeals' Local Rules stating that *pro se* filings from represented parties would not be considered. *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (citing 3d Cir. L.A.R. 31.3). In any event, the Court considers this point moot because of the Court of Appeal's order referring this matter.

reject this position. The Defendants incorrectly argue that the prison mailbox rule does not apply to Brown's motion. The Court also concludes that Brown's unusual circumstances support a finding of excusable neglect. Thus, the Court will grant Brown's motion for extension of time to appeal under Rule 4(a)(5).

A party may move for an extension at any time up to 30 days after the expiration of the time otherwise available to appeal as of right, and the party must show "good cause or excusable neglect." Fed. R. App. P. 4(a)(5)(A). *See also* 28 U.S.C. § 2107(c). Combining the thirty days to file a notice of appeal with the thirty additional days to seek an extension, a party functionally has sixty days from the judgment order to move for an extension of time. *See Zied-Campbell v. Comm'r Soc. Sec.*, 739 Fed. Appx. 140, 142 (3d Cir. 2018) (citing *IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n.1 (3d Cir. 1986)). The Court's time calculation for Rule 4(a)(5) is properly focused on the motion for extension of time, not the notice of appeal.

The Court's memorandum opinion and judgment order were docketed separately on September 27, 2021. ECF Nos. 94, 95. Brown's notice of appeal was filed in this Court on November 15, 2021, forty-nine days later. ECF No. 96. Then, fifty-eight days after the judgment order, on November 24, 2021, Brown signed for mailing his motion for extension of time to appeal; this was then docketed in the Court of Appeals on December 6, 2021, seventy days after the judgment order. (3d Cir. Docket No. 10). Brown's motion would be timely if considered "filed" in the former circumstance and untimely in the latter.

The prison mailbox rule resolves this question. Under the prison mailbox rule, an unrepresented prisoner's notice of appeal is considered filed as of the date the party delivered it to prison authorities for forwarding to the court via the prison's internal mail system. *See Parker*

6

*v. Pennsylvania Bd. of Prob. & Parole*, 798 Fed. Appx. 701, 704 (3d Cir. 2020) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). While Brown was represented when he filed his notice of appeal *pro se* (presenting a different question of the rule's application that need not be resolved here), Brown was unrepresented when he signed his motion to extend time to appeal. The prison mailbox rule has been extended from notices of appeal to other *pro se* civil filings of prisoners. *See, e.g., Bond v. VisionQuest*, 410 Fed. Appx. 510, 514 (3d Cir. 2011) (applying the rule to *pro se* prisoner complaints); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998) (*pro se* habeas petitions). A consideration in *Houston* applies with equal force here: "concern with the *pro se* prisoner's lack of control over the filing of documents." *Burns*, 134 F.3d at 113. Thus, it seems uncontroversial to apply the prison mailbox rule to Brown's motion to extend time to file an appeal. Doing so, this Court will treat Brown's motion as filed within the time required under Rule 4(a)(5). *See Smith v. Carroll*, 602 F. Supp. 2d 521, 526 n. 7 (D. Del. 2009) ("the court concludes that [the complaint] was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials…for mailing.").

A timely motion to extend the time to appeal must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii); 28 U.S.C. § 2107(c). Brown has done so. *See In re Diet Drugs (Phentermmine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 401 F.3d 143, 153 (3d Cir. 2005). A district court determining whether the neglect claimed was excusable weighs at least four factors: "the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). *See also In re Diet Drugs*, 401 F.3d at 153-54. Further, "the court may take into account…whether the clerk

7

failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice." *Vianello v. Pacifico*, 905 F.2d 699, 701 (3d Cir. 1990) (quoting Advisory Committee Note to Fed.R.Civ.P. 77(d) (emphasis omitted)) (remanding for consideration of excusable neglect under Rule 4(a)(5) in this circumstance).  The examination of excusable neglect focuses not only on Brown but also his attorneys because the Supreme Court has "held that clients must be held accountable for the acts and omissions of their attorneys." *See Pioneer Investment Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 396-97 (1993) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).  While the conduct of Brown's attorneys is relevant to the failure to timely file a notice of appeal, it is less so as to Brown's motion for extension of time to appeal because Brown filed that after he was no longer represented.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.  Such determination can be reviewed for abuse of discretion.  *See Vianello v. Pacifico*, 905 F.2d 699, 700 (3d Cir. 1990) (citing *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 918 (3d Cir. 1987)).

The record shows that Brown's filing delay was minimal and had little impact on the judicial proceedings; his notice of appeal was nineteen days late and his motion for extension of time was signed twenty-eight days after the expiration of the thirty days to appeal.  *See In re Diet Drugs*, 401 F.3d at 153-54 (eight-day delay in filing motion to extend time to appeal under Rule 4(a)(5) "was minimal"); *Pioneer*, 507 U.S. at 397-98 (affirming determination that twenty-day

8

delay did not interfere in "the interests of efficient judicial administration"). Here, the Defendants can fully respond to Brown's appeal and have not indicated that they have been prejudiced. *See In re Diet Drugs*, 401 F.3d at 153-54 (no danger of prejudice in eight-day delay).

The initial delay in filing a notice of appeal was apparently the result of miscommunication between Brown and his former attorneys and inconsistent understandings of the scope of the volunteer attorney's representation. In the unusual circumstances here, Brown provides a reasonable explanation that he always intended to appeal any adverse decision, but he lacked the judgment order, and without it, he feared (albeit wrongly) that his appeal would be technically improper and thus denied. *See In re Diet Drugs*, 401 F.3d at 154 ("circumstances surrounding Riepen's failure…were understandable and reasonable"); *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 917 (3d Cir. 1987) (district court erred by "reasoning that a clerical error made by counsel or someone under counsel's control can never constitute 'excusable neglect'"). The Court is also aware of the difficulties volunteer attorneys and their clients often encounter due to the latter's incarceration. What's more, Brown appears to be moving in good faith, and no circumstances show bad faith. The Court concludes that the circumstances weigh in favor of finding excusable neglect.

IV.    Conclusion

In sum, the Court finds excusable neglect for Brown's timely-filed motion for extension of time to file a notice of appeal. On the scales of equity, "[t]he interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error." *Consol. Freightways Corp. of Del.*, 827 F.2d at 920. Thus, Brown's motion for an extension of time under Rule 4(a)(5) will be granted and his motion to reopen the

9

time to appeal under Rule 4(a)(6) will be denied.  Now, having addressed the matter which had

been referred from the Court of Appeals, no further matters in the case await decision by this

Court.  Brown is reminded that the Court of Appeals' Order of March 23, 2022 stated, "If the

District Court grants plaintiff's motion, plaintiff does not need to file another notice of appeal."

ECF No. 102, p. 2.  An order follows.

### ORDER

Brown's motion for extension of time to file his notice of appeal is GRANTED.  Brown's

notice of appeal is considered filed *nunc pro tunc* within the required time for an appeal under 28

U.S.C. § 2107 and Fed. R. App. P. 4.  The Clerk of the Court is directed to transmit this

Memorandum Opinion and Order to the Court of Appeals forthwith.

DATED this 21st day of April, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE