BLD-166                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3127
_____

ROSCOE BROWN,
                Appellant

v.

CORRECTIONAL OFFICER SMITH; CORRECTIONAL OFFICER SEEINGER;
CORRECTIONAL OFFICER D'HAPPART; LIEUTENANT FAIT; JOHN E. WETZEL,
Secretary of Corrections; DR. JOSE BOGGIO; DANIEL STROUP, Physician Assistant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00193)
District Judge: Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2022
Before: MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: July 1, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roscoe Brown, an inmate proceeding pro se, appeals from the District Court's order granting summary judgment in favor of defendants. We will summarily affirm.

I.

In July 2018, Brown filed a civil rights complaint against several employees of the Department of Corrections ("DOC Defendants") and two members of the prison's medical staff ("Medical Defendants"), alleging violations of the Eighth and Fourteenth Amendments related to defendants' response to an inmate-on-inmate assault in which Brown was injured. DOC Defendants moved to dismiss for failure to state a claim, and the District Court dismissed the failure-to-supervise claim against defendants Michelle Tharp, Mike Edwards, Dorina Varner, Kerri Moore, Michael Clark, and John Wetzel. It also dismissed all claims against the DOC Defendants in their official capacities and a state law assault and battery claim.

In his counseled second amended complaint,[1] Brown alleged that DOC Defendants failed to intervene in the assault, failed to protect him from harm, and failed to request immediate medical attention; that Wetzel failed to train or discipline his subordinates; and that Medical Defendants failed to provide adequate medical care. DOC Defendants and Medical Defendants filed separate motions for summary judgment, which the District Court granted in their favor, concluding that Brown failed to exhaust his available administrative remedies and that, even if the claims had been properly

---

[1] The District Court granted Brown's motion to appoint counsel. See ECF No. 37.

exhausted, they were meritless.  Brown now appeals and requests the appointment of counsel.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of a motion to dismiss under Rule 12(b)(6) de novo.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (cleaned up).  We also review the grant of a motion for summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We may summarily affirm if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

The District Court properly determined that Brown's claims lack merit.[2]  Under the Due Process Clause, prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates" and "protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  However, prison

---

[2] Because we agree with the District Court's disposition of Brown's claims on the merits, we need not address whether he exhausted his available administrative remedies.

officials are not liable for every injury caused during an inmate-on-inmate assault. Id. at 834. A prison official cannot be found liable for failure to protect an inmate unless the official was deliberately indifferent to the risk. See id. 837; Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

Two types of deliberate indifference are relevant to Brown's claims. First, an official demonstrates deliberate indifference to the risk of inmate-on-inmate violence if, before an attack, the official knows an inmate faces "an excessive risk of harm" from another prisoner but does nothing to prevent the assault. Bistrian v. Levi, 696 F.3d 352, 369 (3d Cir. 2012), abrogated on other grounds as recognized in Mack v. Yost, 968 F.3d 311, 319 n. 7 (3d Cir. 2020). As the District Court determined, there was no evidence that any defendant had notice or a reason to suspect that the assault would occur.

Second, an official displays deliberate indifference if, when an attack occurs, he or she has "a realistic and reasonable opportunity to intervene" but "simply refuse[s] to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). The record does not reflect that DOC Defendants refused to intervene when the attack occurred. While DOC Defendants and Brown dispute some facts,[3] they agreed with the following: when

---

[3] DOC Defendants presented evidence, including affidavits and video recordings from prison surveillance cameras, to show that the attack only lasted twenty seconds, that only one officer was present when the assault began, and that other officers were called to the scene after the attack began. Where there are video recordings of the incident in question, courts need not adopt the non-movant's version of the facts if the recording blatantly contradicts the non-movant's version so that no reasonable jury could believe it. Scott v. Harris, 550 U.S. 372, 380 (2007). However, Brown maintains that the video recording has been altered to omit portions of the incident. To counter DOC Defendants' evidence, Brown presented his own affidavit and an affidavit from another inmate

Correctional Officer Ethan Smith saw four inmates attack Brown and another man, he began to secure and lock down the housing block, and he reported the attack via radio. Sergeant Keith Conley arrived within seconds and immediately called for a medical team and additional staff. Sergeant Conley commanded the attacking inmates to stop and return to their cells, and the inmates complied. See ECF Nos. 74 and 83, ¶¶ 6, 9, 10, 12, 13, 15. Thus, there is no genuine dispute that DOC Defendants did not simply refuse to respond to the risk, but instead responded reasonably and effectively contained the threat. See Farmer, 511 U.S. at 844 (explaining that prison officials may be found free from liability if they responded reasonably to a risk, even if the harm ultimately was not averted).

The District Court also correctly determined that Brown failed to demonstrate a genuine issue of material fact as to his claims of inadequate medical care. To succeed on an Eighth Amendment claim for inadequate medical care, "a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." Pearson v. Prison

---

attesting that four corrections officers stood around while the assault occurred and that Smith said to the others, "let em kill each other, fuck em." See ECF No. 46-1 and -2.

Brown also alleges that a second attack occurred within minutes of the first, but the only evidence supporting his claim is his own deposition testimony (which was based on what others told him, rather than his own observations, as he was unconscious at the time). See ECF No. 82-1, pp. 2, 8-9. Brown's conclusory, self-serving testimony was insufficient to create a genuine issue of material fact. See, e.g., Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009) (explaining that conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment).

Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

The District Court properly granted summary judgment in favor of Medical Defendants. The record reflects that a medical team attended to Brown after the assault, and he was taken to the prison infirmary, where he was treated by P.A. Daniel Stroup and other personnel and received an examination, a variety of medical tests, painkillers, and ice for his injuries. Brown remained in the infirmary for several days and was monitored throughout his time there. After he was released from the infirmary, Brown had several follow up visits with the medical team. Because medical care was provided and because there is no evidence that it violated professional standards of care, we presume that his treatment was proper. See Pearson, 850 F.3d at 535; see also Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (explaining that mere allegations of medical malpractice or disagreement as to the proper medical treatment are insufficient to support an Eighth Amendment claim).

The District Court also properly found no genuine dispute of material fact regarding whether DOC Defendants acted with deliberate indifference to his medical needs. Brown argued that DOC Defendants' actions in responding to the assault, and

specifically their decision to handcuff him while he was unconscious, knowing that he was taking certain medications that increased the likelihood of bleeding, constituted deliberate indifference. However, there is no genuine dispute that, rather than refusing to provide or delaying medical treatment, DOC Defendants requested medical assistance for Brown shortly after the assault began, and Brown was only handcuffed for a brief time while the officers secured the scene and was uncuffed when the medical team arrived.[4]

IV.

Accordingly, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6. Brown's motion for appointment of counsel is denied.

---

[4] Additionally, the District Court properly dismissed the claims against Tharp, Edwards, Varner, Moore, and Clark related to their handling of the grievance process, as Brown failed to adequately allege their personal involvement. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). It also properly dismissed Brown's claim that Wetzel failed to train, supervise, or discipline his staff. For a supervisor-defendant to be liable for failing to supervise, train, or discipline subordinates, the plaintiff must show that there was an actual constitutional violation at the hands of subordinates. Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 575 U.S. 822 (2015); Santiago, 629 F.3d at 130. Brown failed to make such a showing. Finally, we agree that Brown's claims against defendants in their official capacities, as well as his state assault and battery claims, were barred by sovereign immunity. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); 1 Pa. Cons. Stat. Ann. § 2310; 42 Pa. Cons. Stat. Ann. § 8522.